Leah W. Feinman, Esq.
Wade G. Perrin, Esq.
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400

Larry C. Jones, Esq. *(Admission Pending)*
**ALSTON & BIRD LLP**
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1019

*Attorneys for Plaintiff Vineyard Vines, LLC*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Vineyard Vines, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> G.A.R. Sales Inc., Brent S. Hanley, ) <br> Sherrie Hanley and Denise H. Callahan, ) <br> ) <br> Defendants. ) | Civil Action No. _____ <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff Vineyard Vines, LLC ("Vineyard Vines"), for its complaint against Defendants G.A.R. Sales Inc., Brent W. Hanley, Sherrie Hanley and Denise H. Callahan, alleges on personal knowledge as to its actions, and upon information and belief as to the actions of others, as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendants' knowing and intentional copying and mimicry of Vineyard Vines' iconic Whale Design trademark shown below.



More particularly, this is an action for trademark infringement, trademark dilution, unfair competition, and several related federal, state and common law causes of action.

## PARTIES

2. Vineyard Vines is a Connecticut limited liability company having its principal place of business located at 181 Harbor Drive, Stamford, Connecticut 06902.

3. On information and belief, G.A.R. Sales Inc. ("G.A.R.") is a New Jersey corporation having a principal place of business located at 800 Boardwalk, Ocean City, New Jersey 08226.

4. On information and belief, Brent W. Hanley is a resident of New Jersey and the President of G.A.R., and G.A.R. and Brent W. Hanley own and operate retail stores on the Boardwalk in Ocean City, New Jersey under the trade names Cool Breeze, Shirt Shack and Island Tees.

5. On information and belief, Sherrie Hanley and Denise H. Callahan are residents of New Jersey and own and operate retail stores on the Boardwalk in Ocean City, New Jersey under the trade names Ocean Treasures and Ocean Paradise.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

7. This Court has personal jurisdiction over each Defendant because each Defendant is a resident of this judicial district, is located within this judicial district, has

committed tortious acts within this judicial district, has transacted business within this judicial district (including sales of the infringing merchandise within this judicial district), and has otherwise made or established contacts within this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over it.

8. Venue is proper within this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because each Defendant is subject to personal jurisdiction within this judicial district and a substantial part of the events and injury giving rise to Vineyard Vines' claims is occurring within this judicial district.

### VINEYARDS VINES' WHALE DESIGN TRADEMARK

9. In 1998, brothers Ian and Shep Murray set out to live the American dream and left their corporate jobs to create a line of whimsical men's neckties inspired by the colors and designs of Martha's Vineyard, a destination they loved to visit. The first 800 ties were delivered on July 3, 1998 and were sold out in the first week. As the popularity of the neckties grew, the Vineyard Vines brand was expanded to a full line of casual sportswear for men, women and children, accessories, and products for the home, all drawing inspiration from the relaxed lifestyle of Martha's Vineyard.

10. For nearly twenty (20) years, and since long prior to the acts of Defendants complained of herein, Vineyard Vines has been engaged in manufacturing, distributing, offering for sale and selling a broad range of uniquely designed luxury brand men's, women's and children's clothing and accessories. As such, Vineyard Vines has become a leader in the clothing and accessories industry in this country and is well known for its colorful, nautical and whimsical designs on its products. Probably the most well-known symbol of the Vineyard Vines brand is its fanciful whale design (the "Whale Design"),

which was developed and first used by Vineyard Vines at least as early as September 1, 2003 and first registered with the United States Patent and Trademark Office ("USPTO") on July 19, 2005.

11. The signature Whale Design has become an iconic symbol representing the Vineyard Vines brand and is prominently used on a wide array of men's, women's and children's clothing and accessories, as well as other related goods.

12. Vineyard Vines now operates approximately fifty (50) Vineyard Vines branded standalone retail and outlet locations throughout the United States and continues to expand its retail presence through additional prominent in-store and store-in-a-store facilities in many major retail stores, including Bloomingdale's, Belk, Nordstrom, Saks Fifth Avenue and Island Pursuits, as well as in boutique clothiers throughout the United States. Vineyard Vines also promotes and offers its products for sale on its website, www.VineyardVines.com.

13. As a consequence of Vineyard Vines' longstanding and continuous use of its Whale Design mark, Vineyard Vines' business and merchandise have become closely associated with one another in the mind of the public so that the public in this country has come to recognize the business and merchandise of Vineyard Vines, at least in part, by the Whale Design. As such, Vineyard Vines enjoys substantial goodwill and a valuable reputation under the Whale Design trademark.

14. Because the Whale Design has a distinctive quality and has acquired special and particular significance and very valuable goodwill as an identifier of Vineyard Vines and its merchandise, Vineyard Vines has acquired proprietary rights in the Whale Design under the common law as a trademark and service mark for men's, women's and children's

4

clothing and accessories, and for related goods and services. Those rights extend, without limitation, to the exclusive right to use the Whale Design nationwide on and in conjunction with such clothing goods and related merchandise and services.

15. Moreover, Vineyard Vines' Whale Design is the subject of several federal trademark and service mark registrations. Those registrations include, *inter alia*, U.S. Trademark Registration No. 2,969,692 which issued July 19, 2005 and pertains to the use of the Whale Design as a trademark for various clothing goods. That registration (a copy of which is attached hereto as Exhibit A) is valid, subsisting and incontestable.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

16. On information and belief, Defendants operate multiple retail stores in which they sell clothing, accessories and other merchandise. Those stores include, *inter alia*, retail stores on the Boardwalk in Ocean City, New Jersey doing business under the trade names "Cool Breeze," "Shirt Shack," "Island Tees," "Ocean Treasures" and "Ocean Paradise."

17. It came to Vineyard Vines' attention recently that Defendants have been and/or are selling clothing which incorporates graphic elements depicting prominently unauthorized replications and imitations of Vineyard Vines' Whale Design trademark. Images of some of these goods (the "Infringing Products") are depicted in Exhibits B and C hereto.

18. Because of the striking similarities between Vineyard Vines' Whale Design trademark and the whale designs appearing prominently on the Infringing Products, members of the public are likely to be initially interested in the Infringing Products upon encountering them for sale by Defendants. Thus, such mimicry is likely to lead to initial

interest confusion or point-of-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Products with Vineyard Vines and its merchandise.

19.   Additionally, because of such similarities, members of the public, who encounter the Infringing Products being worn or used by Defendants' customers or other persons, are likely to experience post-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Products with Vineyard Vines and its merchandise.

20.   The activities of Defendants complained of herein constitute willful infringement and dilution of Vineyard Vine's proprietary rights in the Whale Design mark and have continued in spite of Defendants' knowledge that the use of such proprietary mark, or any colorable imitation thereof, was and remains in direct contravention of the exclusive proprietary rights of Vineyard Vines.

21.   Defendants' unlawful activity results in irreparable harm and injury to Vineyard Vines in that, among other things, it: deprives Vineyard Vines of its absolute right to determine the manner in which its image is presented to the public through the promotion and sale of goods bearing reproductions or colorable imitations of its mark; deceives and confuses the public as to the origin and sponsorship of such goods either when members of the public initially encounter the Infringing Products, and/or at the point-of-sale of the Infringing Products, and/or when the Infringing Products are encountered in post-sale situations; wrongfully preys upon and cashes in on the reputation and commercial value of Vineyard Vines as well as its exclusive rights in the proprietary Whale Design mark; and irreparably harms and injures, or threatens to harm and injure, the reputation of Vineyard Vines for providing quality goods.

22.     Because of the unlawful activities of Defendants G.A.R. and Brent W. Hanley, on August 31, 2015, Vineyard Vines' attorney sent via certified mail to Brent W. Hanley the demand letter and materials depicted in Exhibit B hereto.  Notwithstanding Mr. Hanley's receipt of that demand letter, he failed to provide all of the requested information and documents.

23.     Because of the unlawful activities of Defendants Sherrie Hanley and Denise H. Callahan (the mother and sister of Brent W. Hanley), on November 2, 2015, Vineyard Vines' attorney sent via certified mail to Sherrie Hanley and Denise H. Callahan the demand letter and materials depicted in Exhibit C hereto.  Notwithstanding their receipt of that demand letter, Ms. Hanley and Ms. Callahan failed to provide any of the requested information and documents.

24.     Thus, Defendants' unlawful activities and failures to respond to Vineyard Vines have necessitated the filing of this lawsuit.

## Count I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### 15 U.S.C. § 1114 (§ 32 of the Lanham Act)

25.     Vineyard Vines repeats and realleges the contents of Paragraphs 1-24 as though fully set forth herein.

26.     Defendants' use in commerce of a colorable imitation of the federally registered Whale Design mark in connection with the promotion, offering for sale, sale and distribution of clothing goods is likely to cause confusion, or to cause mistake or deceive customers, potential customers, and/or other members of the public.

27.     Such acts constitute infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. The aforesaid acts of Defendants have injured Vineyard Vines in an amount to be determined at trial.

29. The aforesaid acts of Defendants have also caused irreparable harm to Vineyard Vines and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count II

**DILUTION OF FAMOUS TRADEMARK**
**15 U.S.C. § 1125 (c) (§43 (c) of the Lanham Act)**

30. Vineyard Vines repeats and realleges the contents of Paragraphs 1-29 as thought fully set forth herein.

31. The Whale Design mark is a famous trademark under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Vineyard Vines' clothing and other merchandise. The Whale Design mark became famous long prior to Defendants' unlawful use of their colorable imitations thereof, as alleged herein.

32. Defendants' use of colorable imitations of the Whale Design mark, in connection with the unauthorized sale in the United States of their Infringing Products, is likely to dilute Vineyard Vine's famous Whale Design mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening the capacity of the Whale Design mark to identify and distinguish Vineyard Vines exclusively as the source of products and services in the United States bearing or provided under the famous Whale Design mark and by harming the reputation and goodwill of the famous Whale Design mark.

33. Defendants' unauthorized use of colorable imitations of the Whale Design mark in connection with the sale in the United States of Defendants' Infringing Products is intended and has the effect of trading on Vineyard Vines' reputation and causing dilution of the famous Whale Design mark.

34. Defendants' trademark dilution as herein alleged has injured and will continue to injure Vineyard Vines in that Vineyard Vines has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct, unless such unlawful conduct is enjoined by this Court. In addition, Defendants have been unjustly enriched by reason of their acts of trademark dilution in that Defendants have achieved sales and profits as a direct and proximate result of their illegal conduct.

35. Vineyard Vines is entitled to recover all damages sustained as a result of Defendants' actions, and all profits realized by Defendants through their unlawful use of colorable imitations of Vineyard Vines' Whale Design mark and in connection with Defendants' offering for sale and sale of the Infringing Products.

36. Defendants' actions have been willful and deliberate, entitling Vineyard Vines to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

## Count III

**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)**

37. Vineyard Vines repeats and realleges the contents of Paragraphs 1-36 as though fully set forth herein.

38. Defendants' use in commerce of colorable imitations of Vineyard Vines' Whale Design trademark is likely to cause confusion, or to cause mistake or deceive consumers and other members of the public as to the affiliation, connection, or association of those imitative designations with Vineyard Vines or as to the origin, sponsorship or approval of Defendants' goods by Vineyard Vines.

39. Such acts constitute violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

40. The aforesaid acts of Defendants have injured Vineyard Vines in an amount to be determined at trial.

41. The aforesaid acts of Defendants have also caused and, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count IV

### COMMON LAW UNFAIR COMPETITION

42. Vineyard Vines repeats and realleges the contents of Paragraphs 1-41 as if fully set forth herein.

43. Defendants have engaged in unfair competition with Vineyard Vines in violation of the common law of New Jersey and other states, by advertising, promoting, offering and selling their products using colorable imitations of Vineyard Vines' Whale Design trademark, and by trading upon the goodwill established by Vineyard Vines and thereby misappropriating the benefits of substantial effort and money expended by Vineyard Vines in establishing its rights in its trademark and the goodwill and reputation of Vineyard Vines.

44. The aforesaid acts of Defendants have damaged Vineyard Vines in an amount to be determined at trial.

45. The aforesaid acts of Defendants have also caused Vineyard Vines irreparable injury and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count V

### DILUTION OF A FAMOUS MARK UNDER N.J.S.A. §§56:3-13:20

46. Vineyard Vines repeats and realleges the contents of Paragraphs 1-45 as thought fully set forth herein.

47. The Whale Design mark is a famous trademark in that it is widely recognized by the general consuming public of the State of New Jersey and the United States as a designation of the source of Vineyard Vines' clothing and other merchandise. The Whale Design mark became famous long prior to Defendants' unlawful use of their colorable imitations thereof, as alleged herein.

48. Defendants' use of colorable imitations of the Whale Design mark, in connection with the unauthorized sale in the United States of their Infringing Products, is likely to dilute Vineyard Vine's famous Whale Design mark, in violation of N.J.S.A. §§56:3-13:20, by lessening the capacity of the Whale Design mark to identify and distinguish Vineyard Vines exclusively as the source of products and services in the United States bearing or provided under the famous Whale Design mark and by harming the reputation and goodwill of the famous Whale Design mark.

49. Defendants' unauthorized use of colorable imitations of the Whale Design mark in connection with the sale in the United States of Defendants' Infringing Products is intended and has the effect of trading on Vineyard Vines' reputation and causing dilution of the famous Whale Design mark.

50. Defendants' trademark dilution as herein alleged has injured and will continue to injure Vineyard Vines in that Vineyard Vines has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendants' illegal conduct, unless such unlawful conduct is enjoined by this Court. In addition, Defendants have been unjustly enriched by reason of their acts of trademark dilution in that Defendants have achieved sales and profits as a direct and proximate result of their illegal conduct.

### Count VI

### UNFAIR COMPETITION UNDER N.J.S.A §§56:4-1 to 2

53. Vineyard Vines repeats and realleges the contents of Paragraphs 1-52 as though fully set forth herein.

54. Defendants' use in commerce of colorable imitations of Vineyard Vines' Whale Design trademark is likely to cause confusion, or to cause mistake or deceive consumers and other members of the public as to the affiliation, connection, or association of those imitative designations with Vineyard Vines or as to the origin, sponsorship or approval of Defendants' goods by Vineyard Vines.

55. Such acts constitute violations of N.J.S.A §§56:4-1 to 2.

56. The aforesaid acts of Defendants have injured Vineyard Vines in an amount to be determined at trial.

57.     The aforesaid acts of Defendants have also caused and, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

## JURY DEMAND

Vineyard Vines demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vineyard Vines respectfully requests the following relief:

A.      Preliminary and permanent injunctions prohibiting Defendants, their officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the whale designations which have appeared on the Infringing Products, and from using any other colorable imitations of Vineyard Vines' Whale Design trademark in connection with the manufacturing, packaging, labeling, importation, exportation, advertising, promoting, marketing, offering, selling or distribution of clothing goods and any other merchandise in the United States;

B.      Preliminary and permanent injunctions requiring each Defendant to remove all use of the infringing and dilutive designations from its web site, sales aids, advertisements, and any other promotional material or medium;

C.      An order requiring the surrender to Vineyard Vines of all goods and other materials in Defendants' possession, custody or control bearing the infringing and dilutive designations, for the destruction of such goods and materials by Vineyard Vines, and requiring further the filing and service of a certified report by each Defendant, identifying

13

and attesting to the surrender of those goods and other materials in such particular details as the Court shall deem appropriate;

      D.      An accounting for all profits derived by Defendants and their affiliates from such unlawful acts;

      E.      An award of such monetary remedies in an amount sufficient to compensate Vineyard Vines for losses it has sustained as a consequence of Defendants' unlawful acts, as well as the profits of Defendants attributable to such infringements and dilution;

      F.      An award of Vineyard Vines' damages, including treble damages, costs and attorneys' fees for Defendants' acts of trademark infringement and dilution, pursuant to 15 U.S.C. §§ 1051, *et seq.*, particularly including 15 U.S.C. §§ 1114 and 1125(a) and (c);

      G.      All such other and further relief as this Court may deem just and proper.

Dated: December 11, 2015

                                              /s/ *Leah W. Feinman*
                                              Leah W. Feinman
                                              Leah.Feinman@Alston.com
                                              Wade G. Perrin
                                              Wade.perrin@alston.com
                                              ALSTON & BIRD LLP
                                              90 Park Avenue, 15th Floor
                                              New York, New York 10016-1387
                                              Telephone: (212) 210-9571

                                              Of Counsel:

                                              Larry C. Jones
                                                (*pro hac vice* application to be filed)
                                              ALSTON & BIRD LLP
                                              101 S. Tryon Street, Suite 4000
                                              Charlotte, North Carolina 28280
                                              Telephone: (704) 444-1019
                                              larry.jones@alston.com

                                              *Attorneys for Plaintiff,*
                                              *Vineyard Vines, LLC*